IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

DOCKET NO. 2:09CR2

FILED
IN COURT
ASHEVILLE, N.C.

MAR 2 7 2009

U.S. DISTRICT COURT
W. DIST. OF N.C.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **CONSENT ORDER AND** |
| | ) | **JUDGMENT OF FORFEITURE** |
| KENNETH DEAN GRIFFIN, | ) | |
| | ) | |
| Defendant. | ) | |

WHEREAS, the defendant KENNETH DEAN GRIFFIN has voluntarily pleaded guilty pursuant to Federal Rule of Criminal Procedure 11 to one or more criminal offenses under which forfeiture may be ordered;

WHEREAS, the defendant and the United States stipulate and agree that the property described below constitutes property derived from or is traceable to proceeds of the defendant's offense(s) herein; property involved in the offenses, or any property traceable to such property; and/or property used in any manner to facilitate the commission of such offense(s); and is therefore subject to forfeiture pursuant to 18 U.S.C. § 924(d), 18 U.S.C. § 982, 21 U.S.C. § 853, 26 U.S.C. § 5872, and/or 28 U.S.C. § 2461(c);

WHEREAS, the defendant herein waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant;

WHEREAS, pursuant to Federal Rules of Criminal Procedure 32.2(b)(1) & (c)(2), the Court finds that there is the requisite nexus between the property and the offense(s) to which the defendant has pleaded guilty and/or that a personal money judgment in the amount of criminal proceeds may be entered and that the defendant has a legal interest in the property;

WHEREAS, the undersigned United States Magistrate Judge is authorized to enter this Order by the previous Order of this Court No. 3:05MC302-C (September 8, 2005).

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

The following property is forfeited to the United States:

**One Mossberg model 500A, 12 gauge shotgun, s/n P549918;**

One Ithaca model M-66 super single, .410 gauge shotgun, s/n 94137;
One Stevens model 94, 12 gauge shotgun, s/n B728101;
One New England Arms model SB2, 30-60 caliber rifle, s/n NG451927;
One Marlin model 30AW, 30-30 caliber rifle, s/n 02066823;
One Colt model Junior Colt, .25 caliber pistol, s/n 37188CC;
One Hi-Point model C, 9mm caliber handgun, s/n 009401;
One Interarms model M59, .22 magnum caliber rifle, s/n H024358;
One Ruger model Vaquero, .44 magnum caliber revolver, s/n 5670114;
One Taurus model unknown, unknown caliber revolver, s/n AN461965;
One Mossberg model 500A, 12 gauge shotgun, s/n R872806;
One Marlin model 15Y, .22 caliber rifle, s/n 14678500;
One Mossberg model 500C, 20 gauge shotgun, s/n P896450;
One Arminus model Titan Tiger, .38 caliber handgun, s/n 004363; and
One Remington model 512-X, .22 caliber rifle, s/n unknown.

The United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property.

Upon the seizure of any property to satisfy all or part of the judgment, the United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this forfeiture as required by 21 U.S.C. § 853(n) and the aforementioned Order of this Court No. 3:05MC302-C (September 8, 2005).

Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest.

Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered, as provided by Fed. R. Crim. P. 32.2(c)(2). If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

EDWARD R. RYAN
ACTING UNITED STATES ATTORNEY

FOR DON GAST
Assistant United States Attorney

2

_____

KENNETH DEAN GRIFFIN
Defendant


_____

JACK W. STEWART, JR.
Attorney for Defendant



Signed this the 25 day of March , 2009 .


_____

DENNIS L. HOWELL
UNITED STATES MAGISTRATE JUDGE